No. 116,578

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTINA BONNETTE,
*Appellant*,

v.

TRIPLE D AUTO PARTS INC.,
*Appellee*.

SYLLABUS BY THE COURT

1.

The familiar standards for summary judgment are stated.

2.

Subsection (b) of K.S.A. 60-513, the statute of limitations applicable to tort actions, sets forth a 10-year statute of repose.

3.

A statute of repose limits the time during which a cause of action can arise and usually runs from the act of the alleged tortfeasor. A statute of repose abolishes the cause of action after the passage of time, even though the cause of action may not have yet accrued. By contrast, a statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time.

4.

The 10-year period of the statute of repose found in K.S.A. 50-513(b) begins to run when the defendant completes the last act giving rise to the cause of action. Thereafter, once the 10-year period of repose has expired, claims against the defendant

are extinguished even if an action has not yet accrued and even if the plaintiff has not yet been injured.

5.

A landowner or proprietor has an ongoing duty to warn of nonopen and nonobvious dangerous conditions on the premises. Under the facts presented, the last day the defendant could have breached this duty was the day the plaintiff was injured. Accordingly, the plaintiff's claim for failure to warn was not barred by the statute of repose.

6.

A landowner or proprietor owes a duty of reasonable care to all visitors. But a landowner or proprietor generally has no duty to warn of or to make safe any dangers that are known, open, or obvious to a visitor. Thus, the duty to warn does not apply when a visitor has knowledge of a dangerous condition but voluntarily subjects himself or herself to the danger by patronizing the establishment after learning of the danger. Knowledge of the dangerous condition may be imputed and need not be actual knowledge. The test is whether a reasonable person in the situation would have recognized the danger.

7.

A landowner or proprietor nevertheless owes a visitor a duty to warn of a danger on the premises, even if it is open and obvious, if the visitor is likely to be distracted when confronted with the dangerous condition and is, therefore, (1) not likely to discover the dangerous condition, (2) likely to forget the presence of the dangerous condition, or (3) not likely to protect against the dangerous condition. Thus, the landlord or proprietor must warn of dangerous conditions when the landowner or proprietor knows or has reason to know that the plaintiff will be distracted due to actions, advisements, or requests by the landowner or proprietor.

2

Appeal from Hamilton District Court; WENDEL W. WURST, judge. Opinion filed December 15, 2017. Affirmed.

*Matthew L. Bretz*, of Bretz & Young, L.L.C., of Hutchinson, for appellant.

*Terry J. Malone*, of Dodge City, for appellee.

Before SCHROEDER, P.J., MCANANY and POWELL, JJ.

MCANANY, J.: Christina Bonnette appeals the district court's decision granting Triple D Auto Parts' motion for summary judgment. In its motion, Triple D asserted that Bonnette's personal injury claim was barred by the statute of repose because the dangerous condition that caused her injuries had been present for over 10 years. In granting Triple D's motion for summary judgment, the district court reasoned that Bonnette was injured over 20 years after Triple D completed the last act for which it could be held liable so the statute of repose barred the claim.

FACTS

Bonnette's person injury claim arises from an accident that occurred while she was patronizing Triple D's store in November 2013. Triple D purchased the store in 1990. The building has a single entrance and exit for customers. The exit has a single step down to the sidewalk. The step is approximately four inches tall, is the same color as the adjacent sidewalk, and is not marked with any type of a warning. The owner of Triple D, Jim Dowell, admitted the step is a hazard to anyone that does not know the step exists. The entrance to the store has been in the same configuration and has been in the same condition since the building was built in 1925.

Before her accident, Bonnette had patronized Triple D's store approximately five times per year over a 16-year period and, therefore, had safely navigated the step approximately 160 total times entering and leaving the store.

On the day of the accident, Bonnette had no trouble navigating the step when she entered the store. She spent approximately 10 minutes in the store shopping for keys. Upon leaving the store, she missed the step and fell onto the adjacent sidewalk, fracturing her left wrist in three places. When asked to explain why she fell, Bonnette said that she was looking straight ahead and did not see the step because it was the same color as the sidewalk.

In April 2015, Bonnette filed this personal injury action against Tripe D. In her petition she alleged that Triple D was negligent in the following respects: (1) failing to provide a safe place to shop; (2) failing to ensure the safety of its customers; (3) creating an unreasonably dangerous condition; (4) maintaining an unreasonably dangerous condition; (5) failing to provide adequate warning of the dangerous condition; and (6) failing to inspect the business premises.

In its answer, Triple D asserted the affirmative defense of the statute of repose. It then moved for summary judgment claiming that it was entitled to judgment as a matter of law because Bonnette's claim was barred by the statute of repose and, alternatively, because it had no duty to warn Bonnette of the dangerous condition which was open and obvious. Bonnette opposed Triple D's motion, asserting that her claim for breach of Triple D's duty to warn was not barred by the statute of repose and that Triple D owed her a duty to warn her of the dangerous condition because it was not obvious. Bonnette abandoned all other claims.

The district court granted Triple D's motion for summary judgment, reasoning that Bonnette was injured over 20 years after Triple D had completed the last act for which it

could be held liable, so the statute of repose barred any claims. The district court did not rule on Triple D's contention that it had no duty to warn Bonnette of the dangerous condition because it was open and obvious. Bonnette asked the district court to reconsider its decision and to deny Triple D's motion. The district court reaffirmed its decision, stating that Bonnette's claim for failure to warn was the result of an action by Triple D as contemplated in K.S.A. 60-513(b) that occurred beyond the 10-year statutory period so any claim that she has against Triple D was barred. Bonnette's appeal brings the matter to us.

ANALYSIS

Bonnette first contends the district court erred in granting Triple's D's motion for summary judgment because, as a matter of law, the statute of repose does not bar her claim for failure to warn. She also contends Triple D owed her a duty to warn of this dangerous condition.

"'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citations omitted.]" *Armstrong v. Bromley Quarry & Asphalt, Inc.*, 305 Kan. 16, 24, 378 P.3d 1090 (2016).

5

The first issue before us is whether the statute of repose bars Bonnette's claim as a matter of law. This is a matter of statutory interpretation which we review de novo. *Davidson v. Denning*, 259 Kan. 659, 667, 914 P.2d 936 (1996). Besides, on appeal we analyze Triple D's summary judgment motion de novo. *Siruta v. Siruta*, 301 Kan. 757, 766, 348 P.3d 549 (2015).

K.S.A. 60-513 is the statute of limitations applicable to tort actions such as this. Subsection (b) of the statute provides in pertinent part:

> "[T]he causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, *but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action*." (Emphasis added.)

The last sentence in K.S.A. 60-513(b), "but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action," is commonly referred to as a statute of repose. As stated in *Kerns v. G.A.C., Inc.*, 255 Kan. 264, 268, 875 P.2d 949 (1994):

> "A statute of repose limits the time during which a cause of action can arise and usually runs from the act of the alleged tortfeasor. A statute of repose abolishes the cause of action after the passage of time, even though the cause of action may not have yet accrued. By contrast, a statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time."

The statute of repose assures that a party will not be held liable beyond the 10-year statutory period. 255 Kan. at 268. The 10-year statutory period begins to run when the defendant completes the last act giving rise to the cause of action. *Klose v. Wood Valley Racquet Club, Inc.*, 267 Kan. 164, 167-68, 975 P.2d 1218 (1999). Once the 10-year period of repose has run, claims against the party are extinguished even if an action has not yet accrued and even if the plaintiff has not yet been injured. See 267 Kan. at 168.

Here, the primary question before us is when Triple D completed the last action giving rise to Bonnette's cause of action. Triple D asserts that this happened when it purchased the building in 1990. Bonnette asserts that Triple D completed the last act giving rise to the cause of action in November 2013 when it failed to warn her of the dangerous step. Assuming at this point that Triple D had a duty to warn, we agree with Bonnette.

In *Klose*, our Supreme Court held the statute of repose barred the negligence claims against the landowner when the dangerous condition had been on the land for more than 10 years. 267 Kan. at 168. Klose was participating in a tennis tournament at the defendant's tennis courts. While participating in the tournament, Klose ran into a cement wall injuring his leg. The cement wall was positioned closer to the court than permitted by the building code. The defendant built the tennis court in 1974, and the dangerous wall had been located in the same position undisturbed since that time. Klose was not injured until some 20 years after the tennis court was built.

Klose brought a claim against the tennis court for premises liability and failure to warn him of the dangerous condition. The defendant moved for summary judgment claiming the suit was bared by the statute of repose because it had not taken any action that could have caused the injury after it built the wall in 1974. The district court granted the defendant's motion for summary judgment, concluding the statute of repose "precluded any cause of action based on proximity of the court and the wall" due to the

7

court being unchanged in over 20 years. 267 Kan. at 167-68. Our Supreme Court affirmed the district court, holding the statute of repose barred the claims that Klose had against the landowner for premises liability because the property had not been altered in over 20 years. In light of its holding regarding the statute of repose, the court declined to address Klose's claim against the landowner for failure to warn. In its final paragraph, the court noted:

> "Klose makes two final contentions. The first seems to be that danger from the proximity of the court and the wall was not an open and obvious condition. The second is that [defendant] had a duty to protect [plaintiff]. Neither is material in light of our conclusions that plaintiff's action against [defendant] is barred by the statute of repose." 267 Kan. at 174.

In *Dunn v. U.S.D. No. 367*, 30 Kan. App. 2d 215, 221, 40 P.3d 315 (2002), two teenage boys were in their school and attempted to open a door in the hall of the school. When they pressed on the glass to open the door, the glass gave way, and the boys ran their hands through what was discovered to be a window made of plate glass, not safety glass. The defendant built the school and installed the plate glass in the late 1960's, and the plate glass remained unchanged since that time. The boys were injured by the plate glass in 1995.

The boys filed suit under the Kansas Tort Claims Act, K.S.A. 75-6101 et seq., claiming, among other things, that the school district failed to warn them of the danger the plate glass posed. The district court denied the school district's summary judgment motion which was predicated, in part, on the statute of repose. The boys' consolidated cases were tried to a jury on claims that included the failure to warn of the dangers associated with the plate glass in the door. The district court instructed the jury that the school district had the duty to warn the boys of the dangers associated with the plate glass. The jury found the school district to be 90% at fault. The school district appealed.

8

On appeal, the court interpreted *Klose* to apply only to claims based on premises liability for construction or design defects. The court noted the installation of the doors was not the final act giving rise to the claims. Instead, the defendant's breach of its duty to make the school safe for students was the last act for which the defendant could be held liable. The court determined the final paragraph in *Klose* cited above "had nothing to do with the applicability of the statute of repose." *Dunn*, 30 Kan. App. 2d at 220. After distinguishing *Klose*, the appellate court affirmed the district court's rejection of the statute of repose defense, concluding that the "district court did not err in any of its rulings regarding the statute of repose." *Dunn*, 30 Kan. App. 2d at 221.

Appellate courts from other jurisdictions have followed *Dunn's* path. See *Mosqueda v. Crawford*, No. 12-1450-RDR, 2014 WL 896620, at *3 (D. Kan. 2014) (unpublished opinion) ("[S]tatute of repose would not operate to bar plaintiff's claims of failure to warn and failure to maintain, if the failure to warn or failure to maintain occurred within ten years of the accident and if the failure to warn or maintain gave rise to plaintiff's cause of action."); see also *Perdue v. Greater Lafayette Health Services, Inc.*, 951 N.E.2d 235, 241 (Ind. App. 2011) (Indiana statute of repose for design or construction defects does not apply to a complaint alleging failure to warn an invitee of a hidden danger because a landowner has an ongoing duty to make its premises safe); *Ruddy v. Skelly*, 231 P.3d 725, 727 (Okla. Civ. App. 2009) (Oklahoma statute of repose for design defects does not apply to a complaint alleging failure to warn an invitee of a hidden danger because the duty to warn is a common-law duty and is not based on premises liability).

We come to the same conclusion as the *Dunn* court. Further, with regard to the last paragraph in *Klose*, it is not necessary to the opinion and, as dicta, is not binding on this court. See *Law v. Law Company Building Assocs.*, 295 Kan. 551, 564, 289 P.3d 1066 (2012) ("'Nobody is bound by dictum . . . "not even the court itself when it may be further enlightened by briefs and arguments of counsel and mature consideration and when it

9

becomes a question squarely presented for decision." [Citations omitted.]'"). In addition, the policy underlying our statute of repose would not be furthered by adopting a position contrary to the holding in *Dunn* because barring a claim for breach of an ongoing duty to warn does not abolish a stale claim. See *Doe v. Popravak*, No. 115,282, 2017 WL 2494958, at *1 (Kan. App. 2017) (unpublished opinion). We find the opinions and analyses in *Mosqueda*, *Perdue*, and *Ruddy* to be persuasive.

Our present case does not involve a claim of liability for improper construction or design of the premises. Causes of action related to the breach of an ongoing duty, such as failure to warn of a nonopen and nonobvious dangerous condition, are abolished by the statute of repose only if 10 years have passed since the defendant last breached the ongoing duty.

The uncontroverted facts show that Triple D failed to take any action to warn Bonnette of the dangerous step. Because the duty to warn is an ongoing duty, the last day Triple D could have breached the duty was the day Bonnette was injured. Therefore, Bonnette's claim for failure to warn is not barred by the statute of repose, and Triple D was not entitled to summary judgment on that basis.

DUTY TO WARN

The foregoing analysis is predicated on the existence of a duty to warn. We now must address whether Triple D had a duty to warn Bonnette of the step. Triple D asserts that it did not owe Bonnette a duty to warn because the dangerous condition was open and obvious. Bonnette asserts that Triple D owed a duty to warn because Triple D had reason to know she would be distracted upon leaving the store. The existence of a duty is a question of law which we review de novo. *Dunn*, 30 Kan. App. 2d at 230.

10

The general rule of premises liability is that a landowner owes a duty of reasonable care to all visitors. *Jones v. Hansen*, 254 Kan. 499, 509-10, 867 P.2d 303 (1994). But a landowner generally has no duty to warn of or to make safe any dangerous conditions that are known or obvious to a visitor. *Miller v. Zep Mfg. Co.*, 249 Kan. 34, 43, 815 P.2d 506 (1991) (citing *Balagna v. Shawnee County*, 233 Kan. 1068, 1083, 668 P.2d 157 [1983]). The exception to this rule is that the landowner owes a visitor a duty to warn of a danger if the visitor is likely to be distracted when confronted with the dangerous condition and is, therefore, (1) not likely to discover the dangerous condition, (2) likely to forget the presence of the dangerous condition, or (3) not likely to protect against the dangerous condition. *Miller*, 249 Kan. at 43.

> "'The word "known" denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. "Obvious" means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.'" *Didde v. City of Chapman*, No. 106,090, 2012 WL 3822735, at *3 (Kan. App. 2012) (unpublished opinion) (quoting Restatement [Second] of Torts § 343A, comment b, p. 219 [1965]).

Knowledge of the dangerous condition may be imputed and need not be actual knowledge. *Wellhausen v. University of Kansas*, 40 Kan. App. 2d 102, 106, 189 P.3d 1181 (2008) (holding the plaintiff to have knowledge of the dangerous condition when a reasonable person in the situation would have recognized the danger).

On the other hand, an exception to this "open and obvious" rule of no duty applies when the landowner knows or has reason to know the plaintiff will be distracted due to the landowner's actions, advisements, or requests. See *Miller*, 249 Kan. at 45 (applying the exception when the defendant had reason to believe the plaintiff would be distracted

when encountering the condition while performing tasks the landowner had requested). The exception does not apply if the plaintiff is merely inattentive.

Before the plaintiff in *Miller* was injured, the defendant placed warning flags around the hazard and covered the hazard with a board to prevent someone from being injured while working. At the time of the plaintiff's injury, the defendant had removed the board and taken down the warning flags so the plaintiff would be able to access the area and complete his job of sealing the concrete floors. The defendant knew the plaintiff would be working with mops and hoses and would not be concentrating on the hazard when he encountered it. See 249 Kan. at 45.

Here, the facts show Bonnette had knowledge of the dangerous condition. She had been through the store entrance and used the step approximately 160 times before this incident and had safely navigated the step only 10 minutes before the accident. After using the step approximately 160 times, a reasonable person would recognize the danger associated with the small and awkward step leading to the sidewalk. See *Wellhausen*, 40 Kan. App. 2d at 106. Despite knowing of the condition, Bonnette voluntarily encountered the condition by continuing to patronize the establishment. Therefore, the condition was open and obvious under these facts.

In order to avoid summary judgment, Bonnette needed to come forward with evidence to establish she was distracted after Triple D came forward with evidence that no duty existed due to the condition being open and obvious. See *Armstrong*, 305 Kan. at 24. Here, Bonnette has failed to present such evidence, and there is nothing in the record to show us that Bonnette was distracted.

Moreover, there is nothing in the record indicating that Triple D knew or had reason to know Bonnette would be distracted. In *Miller*, the defendant knew the plaintiff would be working around the condition and that the plaintiff would be concentrating on

12

other tasks, such as mopping the floor, and would not being paying attention to the hazard. Here, there is nothing to indicate Triple D would have suspected Bonnette would be distracted while leaving the building. She was not completing a task for Triple D, she had nothing in her hands, and there was no allegation that Triple D had placed a poster or advertisement to distract her from watching where she was walking. Bonnette was looking straight ahead at her vehicle when she missed the step, which is factually distinguishable from *Miller* in which the plaintiff was backing up with a hose in his hands.

Further, there is nothing in the record to suggest that Bonnette had no option but to encounter this danger on Triple D's premises. She chose to patronize the establishment and to encounter the risk again and again over a 16-year period. There is no evidence that the defendant's store was the only establishment in town that made keys. The uncontroverted facts disclose an incident of mere inattention and, therefore, the distraction exception does not apply.

While the trial court's ultimate conclusion was correct, it reached its conclusion on the wrong basis. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (district court's decision will be upheld even though it relied on the wrong ground). The statute of repose does not bar this claim. But because Triple D did not have a duty to warn under the uncontroverted facts, Triple D is entitled to judgment as a matter of law.

Affirmed.